Carrington J.
This case, though depending upon a practice not common in this country, is by no means a difficult one. I have no doubt but that the *173 error complained of might have been corrected by the same Court upon motion, at a subsequent term; but I should not for that reason reverse the judgment, since the party, having preferred a writ of error coram vobis, had a right to proceed in that way, though a shorter, and much less expensive mode might have been pursued.
The plea of the defendant, concluding to the Court, and resting the defence upon the law of the case, is a complete answer to the objection made to the mode of trial. The error in this case appears on the face of the record tobe merely clerical, and consequently the Court had a right to amend it. But in correcting two errors, there are three committed.
First. The election given to the obligor by the indorsement (which is clearly to be considered as part of the bond,) of paying tobacco of the Hobs-hole inspection, is omitted, as also the age of the tobacco, as specified in the memorandum.
Secondly. There is an error in the calculation of the balance due, after discounting the payments indorsed on the bond.
Thirdly. In awarding costs to the appellees. For as the error was merely in the officer of the Court, which the injured party might have corrected upon motion, it is unjust that, because the plaintiff in error chose to pursue this method, the defendant should be burthened with the payment of the costs.
Lyons J.< — The only difficulty which I was under from the beginning, was, whether a writ of error coram vobis, in a case of this sort, was proper, since I have no sort of doubt, but that the error might have been corrected upon motion. However, I should not Incline for this reason to reverse the judgment! but I concur in opinion with the Judge who has gone before me, that the judgment itself is erroneous, and must be reversed. I recollect a case, (though I have forgotten the names of the parties) where upon an appeal from the County Court of Middlesex, to the District Court of King and Queen, a variance was suggested *174 between the minutes and the record, and the Clerk being summoned to attend the District Court with his minute book, and the variance appearing, he was directed by the Court to amend the record, and this proceeding was sanctioned upon an appeal to this Court.
The President. — The first objection stated by the appellant’s counsel was, that an error in the judgment itself could not be corrected in the same Court. This was admitted to be law by the counsel on both sides. It was then contended, that the error complained of in this case was in the judgment of the Court. In form, it is so; and though the proceedings, as drawn up by the Clerk, are read over in Court, and ’inhere there has been a trial, the same are then corrected: yet this is not done where a judgment is confessed, as it was here: for in such case the Act of Assembly furnishes a rule by which the Clerk is to enter up his judgment. There is no doubt, but the Court may amend upon motion, where a mistake is committed by their Clerk, if there be, as in this case there was, something to amend by. Yet the party was at liberty to pursue the present mode if he chose to do so.
As to the correcting judgment, it is clearly charge able with the three errors which have been mention ed. Upon the subject of costs I feel some difficulty. It is clear that the Court had a power to correct the error upon motion, and therefore it was unnecessary to apply for a writ of enor. The former practice (where notice is given of the motion to the adverse party) is upon every principle to be preferred; yet we should not for this reason quash the writ, since the party was at liberty to pursue either mode. Yet it would be unjust that Gordon should pay the costs unnecessarily incurred in correcting the mistakes of the Clerk. But I was somewhat perplexed as to the law respecting this subject, writs of error coram vobis being so unusual in this country as not to come fully within any of the acts relating to costs.
This case occurring in the year 1790, the Act of *175 1792, Ch. 66, § 64, (see Rev. Laws, p. 87) cannot have any influence upon it. The District Court passed in 1788, Ch. 67, § 73, refers this subject to the law enabling the General Court to settle and adjust costs. Upon examining that law, (passed in the May session of 1783, Ch. 40, Chan. Rev. p. 207,) the General Court is authorised, in cases of appeal, writs of error, supersedeas, or certiorari, from the Inferior Courts, to award costs. This applies not to writs of error in the same Court. We then assimilated this to the cases of motions, where, by the same law, the costs are discretionary. Yet this discretion is to be exercised with reason; and as I am clear that it was unreasonable to award costs in this case, I am of opinion that the judgment is erroneous upon this point also.
Judgment reversed with costs, and entered for 146,000 pounds of tobacco, the debt in the declaration mentioned, and the costs of the appellee in the District Court expended to the time of entering the first judgment, but to be discharged by the payment of 49,085| pounds of sound merchantable tobacco inspected either at Fredericksburg, Falmouth, Port Royal, ox Hobs-bole warehouses, with interest, See. and the costs of the first judgment.([1])

(1) Wren v. Thompson & Veitch, 4 Munf. 377. 388.